IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| IN THE MATTER OF: ) | |
| ) | |
| WILLIAMS and BULLOCKS, LLC, ) | |
| ) | CASE NO. BK10-82208-TLS |
| Debtor(s). ) | A13-8029-TLS |
| THOMAS D. STALNAKER, Trustee of the ) | |
| Williams and Bullocks, LLC, Bankruptcy ) | CHAPTER 7 |
| Estate, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | |
| MARY R. WONG, ) | |
| ) | |
| Defendant. ) | |

ORDER

This matter is before the court on the defendant's motion for summary judgment (Fil. No. 34) and objection by the plaintiff (Fil. No. 38). Robert F. Craig represents the defendant, and John D. Stalnaker and Ashley A. Dreyer represent the plaintiff. Briefs were filed and, pursuant to the court's authority under Nebraska Rule of Bankruptcy Procedure 7056-1, the motion was taken under advisement without oral arguments.

The motion is denied.

The issue in this lawsuit is the ownership of certain funds currently held in the registry of the court. The bankruptcy trustee initially filed this adversary proceeding to recover property of the bankruptcy estate from an entity known as Exclusive Resorts, LLC. The property in question was a $150,000 "refundable membership deposit" paid by Williams and Bullocks, LLC, to purchase a resort membership in Mary Wong's name in February 2006. Ms. Wong was the debtor's managing member at the time. After Williams and Bullocks, LLC, filed a Chapter 7 bankruptcy petition in 2010, the trustee determined the membership interest was an asset of the debtor and the refundable deposit was property of the bankruptcy estate. Exclusive Resorts deposited the disputed funds with the court and was dismissed from the adversary proceeding. The trustee then filed an amended complaint seeking a declaratory judgment against Ms. Wong and the turnover of the funds. Ms. Wong answered and counterclaimed, asserting her interest in the funds because the membership was purchased in her name and is, and was intended to be, her property.

Ms. Wong has now moved for summary judgment, arguing that the statute of limitations precludes the trustee's attempt to recover the funds and that the court lacks statutory jurisdiction to grant the trustee's request under § 542.

Summary judgment is appropriate only if the record, when viewed in the light most favorable to the non-moving party, shows there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. Fed. R. Civ. P. 56(c) (made applicable to adversary proceedings in bankruptcy by Fed. R. Bankr. P. 7056); *see, e.g.*, *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249-50 (1986). On a motion for summary judgment, "facts must be viewed in the light most favorable to the nonmoving party only if there is a 'genuine' dispute as to those facts." *Ricci v. DeStefano*, 557 U.S. 557, 586 (2009) (quoting *Scott v. Harris*, 550 U.S. 372, 380 (2007)).

The following facts are undisputed for purposes of this motion:

1. Williams and Bullocks, LLC, was formed in June 2005. Ms. Wong served as its managing member from its formation until she was removed by an order of the District Court of Douglas County, Nebraska, in October 2009.

2. Williams and Bullocks, LLC, filed a Chapter 7 bankruptcy petition on July 29, 2010.

3. The plaintiff is the duly appointed, qualified and acting trustee in bankruptcy of the Williams and Bullocks, LLC, bankruptcy estate.

4. In February 2006, Ms. Wong became an affiliate member of Exclusive Resorts. She executed the membership agreement on February 16, 2006, and the club's executive vice president of sales signed it on February 17, 2006.

5. The required membership fees consisted of a refundable membership deposit of $150,000, a non-refundable transfer fee of $37,500, and the annual dues for the first year of $9,500.

6. Joshua Bullocks of Williams and Bullocks, LLC, signed a check payable to the order of Exclusive Resorts in the amount of $197,000 on February 16, 2006.

7. The membership agreement contains a provision for the refund of the amount of the membership deposit upon the member's resignation from the resort club.

8. Ms. Wong resigned the membership.

The ownership of the refunded $150,000 membership deposit is the issue in this adversary proceeding. Ms. Wong challenges the trustee's method of pursuing those funds, asserting that the turnover statute of § 542 refers only to property of the bankruptcy estate and cannot be used as a vehicle to determine ownership of assets the trustee wants to bring into the estate. She further argues that the four-year statute of limitations on declaratory judgment actions passed before the bankruptcy case was filed.

Both arguments raised here by the defendant have been decided previously. In a June 27, 2013, stipulation regarding the deposit of the funds in the court registry, the parties agreed that the

matter was no longer a turnover action and the dispute over the ownership of the money was properly the subject matter of this declaratory judgment action. At the September 16, 2013, hearing on Ms. Wong's second motion to dismiss this adversary proceeding, the court overruled her statute of limitations argument on the basis that the statute of limitations, if it began running at all, started no earlier than June 2012, when Ms. Wong first made the trustee aware of her claim to the asset. Accordingly, neither of the defendant's arguments offer a basis for granting summary judgment at this time.

      IT IS ORDERED: The defendant's motion for summary judgment (Fil. No. 34) is denied. The parties' joint preliminary pretrial statement should be filed within 30 days of the date of this order.

      DATED: December 9, 2013.

                              BY THE COURT:

                              /s/ Thomas L. Saladino
                              Chief Judge

Notice given by the Court to:
    *Robert F. Craig
    John D. Stalnaker
    Ashley A. Dreyer
    U.S. Trustee

*Movant is responsible for giving notice to other parties if required by rule or statute.